UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA ELISA GARZON,

                Plaintiff,

  -v-

BUILDING SERVICES, INC., et al.,

                Defendants.

24-CV-5429 (JLR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      By Order of Reference dated October 22, 2024, Judge Jennifer L. Rochon referred this action to me for a report and recommendation on Plaintiff's motion for default judgment and to conduct an inquest to determine appropriate damages, if any. (*See* ECF 23.)

      No later than **November 12, 2024**, Defendants Building Services Inc., Michael A. Gomez, and Guadalupe Castillo shall serve upon Plaintiff's counsel and file with the Court their responses, if any, to Plaintiff's application for a default judgment (*see* ECF 18-21). Defendants are warned that a failure to respond to Plaintiff's application for a default judgment could result in a recommendation that Judge Rochon enter a default judgment against Defendants awarding a significant amount of money damages to Plaintiff.

      In addition, I am notifying the parties that I may conduct the damages inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24,

1

526-27 (S.D.N.Y. 2012) (adopting the magistrate judge's report and recommendation on damages, issued after referral for an inquest into damages following default judgment against the defendant, without an evidentiary hearing). To the extent that any party seeks an evidentiary hearing on the issue of damages or other monetary relief, that party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

Plaintiff is directed to mail by **October 28, 2024** a copy of this Order to each Defendant's address, as identified in the Certificate of Service (ECF 22). Plaintiff is directed to file confirmation of such mailing on the docket by **October 28, 2024**.

DATED:  October 25, 2024
         New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge