UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA ELISA GARZON,

                Plaintiff,

-v-

BUILDING SERVICES INC., MICHAEL A. GOMEZ;
AND GUADALUPE CASTILLO,

                Defendants.

CIVIL ACTION NO. 24-CV-5429 (JLR) (RFT)

**ORDER TO SUPPLEMENT**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

        Plaintiff Dora E. Garzon brought this action against Defendants Building Services Inc., Michael A. Gomez, and Guadalupe Castillo, seeking recovery of minimum and overtime wages and related relief pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL") §§ 190 et seq., and New York's Wage Theft Prevention Act, NYLL § 195 ("WTPA") (*See* ECF 1, Compl. ¶¶ 1-2.) By Order of Reference dated October 22, 2024, Judge Jennifer L. Rochon referred this action to me for a report and recommendation on Plaintiff's motion for default judgment and to conduct an inquest to determine appropriate damages, if any. (*See* ECF 23.) In connection with Plaintiff's motion for default judgment, Plaintiff filed a memorandum of law in support (ECF 19), an affidavit (ECF 21, Affidavit of Dora Eliza Garzon ("Garzon Aff."), her counsel's declaration (ECF 20, Declaration of Peter Hans Cooper ("Cooper Decl."), and a damages chart ("Damages Chart") (ECF 20-6, Cooper Decl. Ex. F).

        Plaintiff alleges that she was employed by Defendants between December 30, 2021 and June 7, 2024. During the roughly 29 months of her employment, Plaintiff was to be paid on a twice-monthly schedule. (*See* ECF 1, Compl. ¶ 36.) Between December 30, 2021 and January 21,

2022, Plaintiff's hourly wage was $15; through the remainder of her employment, Plaintiff's hourly wage was $16 per hour. (*See id.* ¶ 27.) Plaintiff worked between 9 and 17 hours per day, five or six days per week, for fifty to eighty hours per week. (*See id.* ¶ 29.) Most days, Plaintiff worked over ten hours in one shift. (*See* ECF 21, Garzon Aff. ¶ 16.) Plaintiff states that she was paid by check for 15 days (*see* ECF 1, Compl. ¶ 32), but she was not paid for all hours worked (*see id.* ¶ 38). Additionally, she was not paid any wages for eight weeks "either because the Defendants refused to pay her for work performed, or checks provided to her were returned by the bank unpaid." (*Id.* ¶ 37.) Three checks given to her were returned by the bank for insufficient funds. (*See id.* ¶ 38.)

I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages. The Damages Chart details the hours worked and wages owed to Plaintiff for every week of her employment. Plaintiff alleges that she worked between 50 to 85 hours per week (*see id.* ¶ 29), but the Damages Chart represents that she worked 65 hours every week. Additionally, although Plaintiff states that she was paid for 15 days and that she was not paid for all hours worked, none of her submissions identifies the amounts paid to her.

### Order To Supplement

Although "Plaintiff bears the burden of proving with reasonable certainty that she is owed damages . . . the remedial nature of [FLSA] militates against making that burden an impossible hurdle for the employee." *Ergin v. 8th Hill Inc.*, No. 20-CV-4594 (AJN), 2021 WL 4267635, at *5 (S.D.N.Y. Sept. 20, 2021). This is especially true where employers are "required to make and maintain records of employees and the wages, hours, and conditions of their

employment" and fail to do so. *Cao v. Chandara Corp.*, No. 00-CV-8057 (SAS), 2001 WL 34366628, at *4 (S.D.N.Y. July 25, 2001). Courts in this District routinely rely on "detailed affidavits and documentary evidence to ascertain the amount of damages . . . but only if such affidavits reflect personal knowledge of the facts." *Ergin*, 2021 WL 4267635, at *5.

Plaintiff has failed to demonstrate a basis for properly calculating her damages because each week of work assumes overtime damages based on 65 hours of work, even though the Complaint alleges a wider range of 50 to 80 hours per week.

Accordingly, it is ORDERED that, no later than **May 16, 2025**, Plaintiff shall make a supplemental submission in further support of her claimed damages, explaining (1) the basis for claiming that she worked 65 hours per week each week of her employment even though the Complaint alleges that she worked between 50 and 80 hours per week, and (2) what she means when she says she was paid for 15 days. Where Plaintiff relies on estimates, she should explain the basis for the estimates in a supplemental affidavit.

Plaintiff is further ORDERED that, prior to filing, Plaintiff shall serve Defendants by mail with Plaintiff's supplemental submission. Plaintiff shall file proof of such service. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

DATED: April 29, 2025
    New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge