UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA ELISA GARZON,

                Plaintiff,

-against-

BUILDING SERVICES, INC., MICHAEL A. GOMEZ, and GUADALUPE CASTILLO,

                Defendants.

Case No. 1:24-cv-05429 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On October 3, 2024, the Clerk of Court entered a certificate of default as to Defendants Building Services, Inc., Michael A. Gomez, and Guadalupe Castillo (collectively, "Defendants"). See Dkt. 15. On October 18, 2024, Plaintiff Dora Elisa Garzon ("Plaintiff"), moved for the entry of default judgment against all Defendants. See Dkt. 18. The Court subsequently referred this matter to Magistrate Judge Robyn F. Tarnofsky for resolution of the default-judgment motion and a damages inquest. See Dkt. 23.

On July 2, 2025, Judge Tarnofsky issued a Report and Recommendation (the "R&R"), recommending that Plaintiff's motion be granted and that judgment be awarded in favor of Plaintiff and against Defendants in the amount of $50,611.72 plus postjudgment interest. Dkt. 29 ("R&R") at 2, 25-26. Specifically, Judge Tarnofsky recommends that Plaintiff be awarded (1) $38,334.00 in damages, consisting of (A) $6,768.00 in unpaid weekly wages, see id. at 30, (B) $11,208.00 in unpaid overtime premium wages, see id. at 32, (C) $1,191.00 in spread-of-hours premium wages, see id. at 33, and (D) $19,167.00 in liquidated damages for unpaid wages, unpaid overtime wages, and unpaid spread-of-hours premium wages, see id. at 2, 33-34; (2) $3,864.07 in prejudgment interest accruing from April 9, 2023, through July 2, 2025, plus $4.73 per day thereafter until the Clerk of Court enters a final judgment, see id. at

41; (3) $149.15 in interest on late payments, *see id.* at 39; (4) $8,264.50 in reasonable costs and attorneys' fees, *see id.* at 45-46; and (5) postjudgment interest pursuant to 28 U.S.C. § 1961, *see id.* at 42.

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed R. Civ. P. 72(b)(3); *accord United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). To accept "uncontested portions of a report and recommendation, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024 WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024) (quoting *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2014)).

Here, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections and warned that failure to timely file such objections would result in waiver of any right to raise objections to the R&R on appeal. R&R at 47 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985)); *see* Dkt. 31 (certificate of service reflecting R&R was served on Defendants on July 8, 2025). That time has expired, and no objections have been filed. Accordingly, the parties have waived their right to object to the R&R or obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error. The Court finds that the report is comprehensive, well-reasoned, and free from clear error. The Court therefore adopts Judge Tarnofsky's R&R in its entirety. *See Qlay*, 2024 WL 4769718, at *1; *Ramos v. CJ Contractor Servs., Inc.*, No. 23-cv-00274 (JLR), 2024 WL 3952643, at *1 (S.D.N.Y. Aug. 27, 2024).

The Clerk of Court is respectfully directed to enter final judgment in favor of Plaintiff and against Defendants as set forth below, terminate the motion at Dkt. 18, and close the case.

Plaintiff Dora Eliza Garzon shall be awarded:

a. compensatory damages in the amount of $19,167.00 (consisting of $6,768.00 in unpaid weekly wages; $11,208.00 in unpaid overtime premium wages; $1,191.00 in spread-of-hours premium wages);

b. liquidated damages in the amount of $19,167.00;

c. prejudgment interest in the amount of $3,864.07 as of July 2, 2025, with an additional $4.73 per day thereafter until the entry of final judgment;

d. interest on late payments in the amount of $149.15;

e. attorneys' fees and costs in the amount of $8,264.50; and

f. postjudgment interest pursuant to 28 U.S.C. § 1961.

Dated: July 23, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3